UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nathaniel Ferguson,** ) | **CASE NO. 1:15 CV 1830** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **City of South Euclid,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Nathaniel Ferguson filed this action under 42 U.S.C. § 1983 against the City of South Euclid, Ohio and Judge Gayle Williams Beyers. In the Complaint, Plaintiff alleges he filed "over a dozen written motions" and Judge Beyers did not set them for a hearing and only ruled on a portion of them. He claims she denied him due process. He seeks monetary damages.

### BACKGROUND

Plaintiff's Complaint is very brief and contains few facts. He indicates he had two cases in the South Euclid Municipal Court. He contends he filed over a dozen motions in these cases. The judge did not set a hearing for any of them. He states she only ruled on three or four of

them and left the rest unanswered. She denied knowledge of one of the motions. He indicates he filed motions for appeals and these motions have not received a response. He asserts Judge Beyer denied him due process. He seeks damages for lost wages because he has been sentenced to a year in jail, and punitive damages.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### **DISCUSSION**

As an initial matter, Plaintiff fails to state a claim upon which relief may be granted against these Defendants. First, he seeks monetary damages against Judge Beyers, asserting that she denied him due process in the course of two criminal actions. Judges, however, are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are given this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

Plaintiff contends that Judge Beyers did not hold hearings on his motions and only ruled on three or four of them. He contends this denied him due process and resulted in a one-year jail sentence. If these allegations are true, he can appeal his conviction and sentence. He does not have recourse against the judge for damages under 42 U.S.C. §1983.

In addition, Plaintiff cannot challenge his conviction or sentence in a civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would imply the invalidity of his conviction or sentence, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff claims he filed motions on which Judge Beyers did not rule before convicting him and sentencing him to one year in jail. Depending on the content of those motions, it is possible that these claims would challenge his conviction or sentence. He, therefore, cannot bring these claims unless he can show that they would not affect his conviction or sentence or unless his conviction or sentence is overturned on appeal or by habeas corpus.

Plaintiff also has not stated a claim against the City of South Euclid.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).  Instead, Plaintiff must demonstrate that a policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury and that the government as an entity is responsible under § 1983. *Id.* at 694.  Plaintiff does not allege his injuries were caused by the execution of a custom or policy of the City of South Euclid.  His allegations pertain solely to the actions of a Municipal Court Judge.  He cannot hold the City liable for the actions of Judge Beyers.

## **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/24/15